**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD L. GRIFFIN; and<br>LORI ANN GRIFFIN, his wife,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>JOHN D. LEHMAN, M.D.; HERITAGE VALLEY MULTISPECIALTY GROUP, INC., d/b/a HVMG – ORTHO; HERITAGE VALLEY HEALTH SYSTEM, INC.; and VALLEY MEDICAL FACILITIES, INC. D/B/A HERITAGE VALLEY BEAVER HOSPITAL,<br><br>　　　　　Defendants. | Civil Action No. __2:21-cv-866__<br><br>Judge __Conti__<br><br>(Electronic Filing)<br><br>Jury Trial Demanded |

**COMPLAINT – JURY TRIAL DEMANDED**

AND NOW come the Plaintiffs, RICHARD L. GRIFFIN, and LORI ANN GRIFFIN, his wife, by and through their attorneys, REGIS M. McCLELLAND, ESQUIRE, THE McCLELLAND LAW GROUP, P.C., PAUL A. LAGNESE, ESQUIRE, and BERGER AND LAGNESE, P.C. and brings this Complaint against the Defendants named herein whereof the following is a statement:

　　　　1.　　The instant action is a claim for medical malpractice. This Honorable Court has subject matter jurisdiction as this action is brought pursuant to diversity of citizenship and is predicated by 28 U.S.C. §1332. Furthermore, given the nature of injuries and damages, this matter exceeds the jurisdictional amount of Seventy Five Thousand Dollars ($75,000.00).

　　　　2.　　Plaintiffs, RICHARD L. GRIFFIN (hereinafter referred to as "Plaintiff") and LORI ANN GRIFFIN are husband and wife who at all times material to this Complaint

1

maintained a place of residence at 16950 State Route 267, East Liverpool, Columbiana County, Ohio 43920.

3. Defendant, JOHN D. LEHMAN, M.D., (hereinafter referred to as "Defendant Lehman") is an individual and medical doctor who at all times material to this complaint maintained an office address at 1030 Beaner Hollow Road, Beaver, Beaver County, Pennsylvania 15009. The Defendant Lehman held himself out to the Plaintiffs and the general public to specialize in the field of orthopedic surgery. At all times material to this complaint, the Defendant Lehman was acting as an agent, servant and/or employee of Defendant HVMG-Ortho. The Plaintiffs are asserting a professional liability claim against this Defendant.

4. Defendant, HERITAGE VALLEY MULTISPECIALTY GROUP, INC., d/b/a HVMG - ORTHO, (hereinafter referred to as "Defendant HVMG-Ortho"), is a professional corporation which provides medical services to the general public in exchange for monetary compensation and at all times material to this Complaint maintained an office address at 1030 Beaner Hollow Road, Beaver, Beaver County, Pennsylvania 15009. Defendant Lehman at all times material to this Complaint was an agent, partner, servant, and/or employee of the Defendant Group. At all times material to this complaint, Defendant Group was acting through its agents, servants and/or employees including but not limited to Defendant Lehman. Plaintiffs are asserting a professional liability claim against this Defendant.

5. Defendant, HERITAGE VALLEY HEALTH SYSTEM, INC., (hereinafter referred to as "Defendant HVHS, Inc."), is a corporation which provides health care services in exchange for monetary compensation and at all times material to this Complaint maintained a principal place of business at 1000 Dutch Ridge Road, Beaver, Beaver County, Pennsylvania 15009. At all times material to this Complaint, the Defendant HVHS, Inc., was acting through

its agents, servants and/or employees and/or through those individuals they held out to the general public to be ostensible agents, servants and/or employees either through their actions or inactions including but not limited to Defendant HMVG-Ortho and Defendant Lehman. Plaintiffs are asserting a professional liability claim against this Defendant.

6. Defendant, VALLEY MEDICAL FACILITIES, INC. d/b/a HERITAGE VALLEY BEAVER HOSPITAL (hereinafter referred to "Defendant Hospital") is a corporation which provides health care services in exchange for monetary compensation and at all times material to this Complaint maintained a principal place of business at 1000 Dutch Ridge Road, Beaver, Beaver County, Pennsylvania 15009.  At all times material to the matters set forth herein, Defendant Hospital was acting through its agents, ostensible agents, servants and/or employees, namely the physicians, physician's assistants, nursing staff, nursing aids, technicians, who were acting within the course of their employment and the scope of their authority. Plaintiffs are asserting a professional liability claim against this Defendant.

7. According to the medical records, the Plaintiff presented to Defendant Lehman and the Defendant HVMG-Ortho on or about July 8, 2019 for consultation and evaluation of a suspected muscle rupture of the right bicep.

8. According to the medical records, on or about July 9, 2019, the Plaintiff underwent surgical repair of the right distal bicep tendon performed by the Defendant Lehman at Defendant Hospital.  No neurological problems were noted, and the Plaintiff had full function of the hand and wrist with no nerve pain.

9. According to the medical records, on or about July 22, 2019, the Plaintiff presented to the Defendant Lehman and the Defendant HVMG-Ortho for a post-operative follow

up evaluation. At that time, the Plaintiff advised that on he felt a "pop" in the surgical area with no pain noted. Examination revealed the surgically implanted endobutton was dislodged.

10. According to the medical records, on or about July 26, 2019, the Plaintiff underwent surgical re-do distal bicep tendon repair and a second incision for the search of the endobutton by the Defendant Lehman at the Defendant Hospital.

11. During the course of the repair surgery, the Defendant Lehman was unable to locate or retrieve the dislodged endobutton and indicated he would end the surgery to "try to cause no further damage to patient's neurovascular structures".

12. Immediately following the procedure, the recovery room notified the Plaintiff was unable to move his fingers, had weakness of the wrist and was experiencing severe pain.

13. The Plaintiff presented to the Defendant Lehman and the Defendant HVMG-Ortho for post-operative follow up evaluations on August 8, 2019; August 15, 2019; September 5, 2019; and September 23, 2019. During each follow up evaluation, the Plaintiff reported severe pain, the inability to extend his wrist or move his fingers.

14. Subsequent EMG studies further confirmed abnormal electrical studies of the right upper extremity with focal pathology of the right radial nerve, specifically the right posterior interosseous nerve in the forearm with evidence of acute and ongoing denervation and no active motor unit activity.

15. As a result of the Defendants' treatment the Plaintiff suffered a permanent nerve injury, wrist drop, hand and arm weakness, pain and disability.

16. Directly and proximately as a result of the negligence of the Defendants, jointly, severally, and individually, the Plaintiff suffered severe and serious injuries as hereinafter set forth.

## COUNT I
## RICHARD L. GRIFFIN
## vs. JOHN D. LEHMAN, M.D.

17. Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

18. The Plaintiff suffered severe and permanent injuries directly as a result of the Defendant Lehman's negligence as more specifically set forth in the following lettered paragraphs:

    a. In exploring the Plaintiff's right extremity for the endobutton when not indicated;

    b. In performing a second incision and exploration of the Plaintiff's right extremity for the endobutton when not indicated;

    c. In failing to identify and protect the right posterior interosseous nerve during the exploration for the endobutton;

    d. In injuring the right posterior interosseous nerve during the surgical re-do of the bicep tendon repair;

    e. In causing neurovascular damage during the surgical re-do of the bicep tendon repair;

    f. In negligently performing the surgical re-do of the bicep tendon repair so as to injure the right posterior interosseous nerve;

    g. In failing to promptly repair or refer for repair the right posterior interosseous nerve when it was evident nerve damage had occurred;

    h. In failing to assure that prompt repair of the nerve damage that the Defendant Lehman had caused was performed;

    i. In failing to properly brace the Plaintiff's right arm to prevent the endobutton from becoming dislodged; and

    j. In otherwise failing to exercise reasonable care under the circumstances.

## COUNT II
## RICHARD L. GRIFFIN
## vs. HERITAGE VALLEY MULTISPECIALTY
## GROUP, INC., d/b/a HVMG – ORTHO

19. Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

20. The Plaintiff suffered severe and serious injuries directly and proximately as a result of the negligence of the HVMG-Ortho, acting through its agents, servants and/or employees and/or those individuals they held out to be agents, servants and/or employees either through their actions or inactions, as more specifically set forth in the following lettered paragraphs:

   a. In exploring the Plaintiff's right extremity for the endobutton when not indicated;

   b. In performing a second incision and exploration of the Plaintiff's right extremity for the endobutton when not indicated;

   c. In failing to identify and protect the right posterior interosseous nerve during the exploration for the endobutton;

   d. In injuring the right posterior interosseous nerve during the surgical re-do of the bicep tendon repair;

   e. In causing neurovascular damage during the surgical re-do of the bicep tendon repair;

   f. In negligently performing the surgical re-do of the bicep tendon repair so as to injure the right posterior interosseous nerve;

   g. In failing to promptly repair or refer for repair the right posterior interosseous nerve when it was evident nerve damage had occurred;

   h. In failing to assure that prompt repair of the nerve damage that the Defendant Lehman had caused was performed;

      i.      In failing to properly brace the Plaintiff's right arm to prevent the endobutton from becoming dislodged; and

      j.      In otherwise failing to exercise reasonable care under the circumstances.

## COUNT III
## RICHARD L. GRIFFIN
## vs. HERITAGE VALLEY HEALTH SYSTEM, INC.

21. Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

22. The Plaintiff suffered severe and serious injuries directly and proximately as a result of the negligence of the Defendant HVHS, Inc., acting through its agents, servants and/or employees and/or those individuals they held out to be agents, servants and/or employees either through their actions or inactions, as more specifically set forth in the following lettered paragraphs:

      a.      In exploring the Plaintiff's right extremity for the endobutton when not indicated;

      b.      In performing a second incision and exploration of the Plaintiff's right extremity for the endobutton when not indicated;

      c.      In failing to identify and protect the right posterior interosseous nerve during the exploration for the endobutton;

      d.      In injuring the right posterior interosseous nerve during the surgical re-do of the bicep tendon repair;

      e.      In causing neurovascular damage during the surgical re-do of the bicep tendon repair;

      f.      In negligently performing the surgical re-do of the bicep tendon repair so as to injure the right posterior interosseous nerve;

      g.      In failing to promptly repair or refer for repair the right posterior interosseous nerve when it was evident nerve damage had occurred;

    h.    In failing to assure that prompt repair of the nerve damage that the Defendant Lehman had caused was performed;

    i.    In failing to properly brace the Plaintiff's right arm to prevent the endobutton from becoming dislodged; and

    j.    In otherwise failing to exercise reasonable care under the circumstances.

### COUNT IV
### RICHARD L. GRIFFIN
### vs. VALLEY MEDICAL FACILITIES, INC.
### d/b/a HERITAGE VALLEY BEAVER HOSPITAL

23.    Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

24.    The Plaintiff suffered severe and serious injuries directly and proximately as a result of the negligence of the Defendant Hospital, acting through its agents, ostensible agents, servants and/or employees, namely the physicians, physician's assistants, nursing staff, nursing aids, technicians, who were acting within the course of their employment and the scope of their authority, either through their actions or inactions, as more specifically set forth in the following lettered paragraphs:

    a.    In exploring the Plaintiff's right extremity for the endobutton when not indicated;

    b.    In performing a second incision and exploration of the Plaintiff's right extremity for the endobutton when not indicated;

    c.    In failing to identify and protect the right posterior interosseous nerve during the exploration for the endobutton;

    d.    In injuring the right posterior interosseous nerve during the surgical re-do of the bicep tendon repair;

    e.    In causing neurovascular damage during the surgical re-do of the bicep tendon repair;

    f.    In negligently performing the surgical re-do of the bicep tendon repair so as to injure the right posterior interosseous nerve;

    g.    In failing to promptly repair or refer for repair the right posterior interosseous nerve when it was evident nerve damage had occurred;

    h.    In failing to assure that prompt repair of the nerve damage that the Defendant Lehman had caused was performed;

    i.    In failing to properly brace the Plaintiff's right arm to prevent the endobutton from becoming dislodged; and

    j.    In otherwise failing to exercise reasonable care under the circumstances.

**COUNT V**
**RICHARD L. GRIFFIN**
**vs. JOHN D. LEHMAN, M.D.**
**(Informed Consent/Battery)**

25.    The Plaintiffs incorporate by reference herein all of the allegations set forth in the averments of this Complaint as though the same were set forth at length herein.

26.    The Plaintiff suffered severe and serious injuries directly and proximately as a result of the Defendant Lehman, generally and as more specifically set forth in the following lettered paragraphs:

    a.    In failing to obtain informed consent; and

    b.    In failing to inform the Plaintiff of all of the risk and/or alternatives attendant to the operative procedure of July 26, 2019.

27.    As a result of the Defendant Lehman's failure to obtain informed consent, Plaintiff suffered injuries hereinafter set forth and seeks damages compensable as a result of the battery.

28.    Directly and proximately as a result of the Defendants' negligence jointly, severally and individually, the Plaintiff suffered the following permanent injuries:

  a. Nerve damage;

  b. Nerve pain;

  c. Right wrist drop;

  d. Weakness of the right arm and hand;

  e. Right arm and hand disability;

  e. Other severe and serious injuries.

29. Directly and proximately as a result of the Defendants' negligence jointly, severally and individually, the Plaintiff suffered the following damages:

  a. Pain and suffering;

  b. Mental anguish and embarrassment;

  c. Inconvenience;

  d. Loss of life's pleasures;

  d. Plaintiff has incurred medical bills in the past and will continue to due so in the future;

  e. Disfigurement and permanent injury;

  f. Past and future loss of earnings; and

  g. Loss of earning capacity.

## COUNT VI
## AS TO PLAINTIFF WIFE, LORI ANN GRIFFIN

30. Plaintiff Wife has suffered a loss of consortium and her husband's comfort, society and services.

WHEREFORE, Plaintiffs respectfully request of the Defendants an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**JURY TRIAL DEMANDED.**

                                  Respectfully submitted,

By: /s/ Regis M. McClelland .
    Regis M. McClelland, Esquire
    Attorney for the Plaintiffs
    PA I.D. #38897
    The McClelland Law Group, P.C.
    310 Grant Street, Suite 720
    Pittsburgh, PA 15219
    (412)391-7343
    rmm@mcclellandlawgroup.com

By: /s/ Paul A. Lagnese .
    Paul A. Lagnese, Esquire
    Attorney for the Plaintiffs
    PA I.D. #51281
    BERGER & LAGNESE, LLC
    310 Grant Street, Suite 720
    Pittsburgh, PA  15219
    (412)471-4300
    paull@bergerlagnese.com